James W. OWENS, Appellant,

v.

Lynne C. OWENS, Appellee.

Lynne C. OWENS, Cross-Appellant,

v.

James W. OWENS, Cross-Appellee.

Court of Appeals of Kentucky.

June 29, 1984.

Robert Hines, Jr., Hines & Hines, Paducah, for appellant/cross-appellee.

Samuel S. Boaz, Paducah, for appellee/cross-appellant.

Before COMBS, HOWARD and McDONALD, JJ.

COMBS, Judge.

James W. Owens appeals from a decree of the McCracken Circuit Court dissolving his marriage with Lynne C. Owens. Mrs. Owens has filed a cross-appeal.

The parties were married in 1957. At that time both were students. After their marriage, Mrs. Owens quit school and commenced working as a secretary. Except for one year, she worked until 1965. When the decree was entered, she was 44 years old and unemployed.

Mr. Owens continued his education. He completed his undergraduate studies, and obtained a law degree, as well as a graduate degree in business. Except for his first year of law school, he worked on a regular basis. Much of the actual cost of his education was paid from contributions from his family. When the decree was entered, he was 46 years old, and practicing law.

The parties were separated and the petition for dissolution was filed in 1978. The decree was entered in 1983.

The basis of James' appeal involves the treatment of his interest in two plans qualified under the Employee Retirement Investment Security Act of 1974 (ERISA). Lynne's cross-appeal involves the determination that James' law practice is non-mari-

tal property, and questions the division of marital property. We reverse and remand.

■ Except for the firm's personal property, the trial court found the husband's interest in the law firm was non-marital property. It relied on the rule that a professional license is not marital property. *See Inman v. Inman*, Ky., 648 S.W.2d 847 (1982); *McGowan v. McGowan*, Ky.App., 663 S.W.2d 219 (1983). The court's reliance on this rule is misplaced. The value of the practice, as it would be exchanged for a whole or partnership interest, would not include the seller's license. The value of the husband's practice is to be considered as marital property when this case is remanded.

James' firm, Owens and Graves, Chartered, maintains two employee benefit plans. Both plans qualify under ERISA for preferential tax treatment. To qualify, the plans contain restrictions on assignment and alienation. The trial court awarded Lynne one-half of James' interest in these plans. James argues that the court found the "non-vested" interest of James to be marital property, and any present withdrawal of monies would destroy the two plans, resulting in severe tax consequences to James, and would be unfair to other employees of the firm.

■ In these cases, the court has to make two determinations: (1) What amount is marital property to be divided in just proportions? (2) What is the economic circumstances of each spouse when the division of property is to become effective?

■ The non-alienation provisions of ERISA do not restrict the division of marital property under state law. *Saving and Profit Sharing Fund of Sears Employees v. Gago*, 717 F.2d 1038 (7th Cir.1983). Kentucky law provides that a spouse's "vested" interest in a pension or retirement fund is marital property. *Foster v. Foster*, Ky. App., 589 S.W.2d 223 (1979). Vested does not refer to whether the fund is in "pay status," but whether the owning party has "a current right to the proceeds of the plan." *Gago, supra,* at 1045.

■ James has effectively argued that current division of the fund would result in severe tax consequences to himself and would destroy the plan to the prejudice of himself and his employees. KRS 403.190 (1)(d) requires the court, when dividing the property in just proportions, to consider "[e]conomic circumstances of each spouse when the division of the property is to become effective...." The trial court had discretion to delay the division of these plans until they would be otherwise payable. *Foster, supra.* The trial court abused its discretion by not delaying division until a more suitable time in light of the severe economic consequences James would suffer if the division was currently effective.

■ On remand, the trial court is directed to determine the amount of James' interest in the plans in which he had a right to the proceeds at the time of the decree, such amount to be marital property, and to delay division of James' interest in the plans until such time as they would be otherwise payable.

Lynne argues that the trial court did not divide the marital properties in "just proportions." A review of this issue is not possible because the trial court failed to find a value for properties exchanged in kind. *See Hollon v. Hollon*, Ky., 623 S.W.2d 898 (1981).

■ In this regard it has been hinted that the award of maintenance was part of the property division. An award of maintenance must conform with KRS 403.200. Non-marital property and the party's proportion of marital property must be awarded first because this is the property the court must consider in determining whether the party "[l]acks sufficient property ... to provide for his reasonable needs." KRS 403.200(1)(a). If income from Lynne's non-marital property, and her proportion of marital property would provide for her reasonable needs, then maintenance should not be awarded. *Colley v. Colley*, Ky., 460 S.W.2d 821 (1970).

**70**

James argues that the trial court awarded Lynne less marital property because she refused to obtain employment. This factor is not to be used in determining the division of marital property, but a factor in determining whether maintenance should be awarded. KRS 403.200(1)(b).

The amount of maintenance to be awarded is determined by using the factors listed in KRS 403.200(2). These factors include financial resources, education and training, standard of living established during the marriage, duration of the marriage, age, physical condition, etc.

On remand, the court is directed to award the parties their non-marital property, determine the value of the property divided in kind, make any adjustments in division of marital property necessary to justly apportion such property, and award maintenance if necessary under KRS 403.-200(1) in such amounts as required by KRS 403.200(2).

All concur.