Dinwiddie LAMPTON, Jr., Appellant,

v.

Nancy H. LAMPTON, Appellee.

Court of Appeals of Kentucky.

Dec. 19, 1986.

Gerald Kirven, Louisville, Bruce R. Hamilton, LaGrange, for appellant.

Glenn L. Schilling, Louisville, for appellee.

Before COMBS, McDONALD and WILHOIT, JJ.

COMBS, Judge.

This is an appeal from a judgment entered in a domestic relations case by the Oldham Circuit Court.

Appellant raises four major allegations of error on appeal, contending that the trial court erred: (1) in denominating certain shares of stock as marital or non-marital property and in dividing the marital shares between the parties; (2) in allowing the appellee to retain 100 shares of stock in Hardscuffle, Inc., a family-owned farm operation; (3) in awarding temporary maintenance to the appellee; and (4) in awarding the appellee $20,000.00 towards her attorney fees. We reverse in part and affirm in part.

The parties were married for over forty years, during which time they accumulated a substantial fortune. Appellant is an officer and major shareholder in American Life and Accident Insurance Company of Kentucky and draws a large salary as well as other perquisites and benefits. He also received property which he inherited from his father. Appellee acted as homemaker, hostess, and mother throughout the marriage. She is the beneficiary of a trust fund which she inherited from her parents, and from which she receives an income in excess of $100,000.00 per year. It is undisputed that each party has assets valued at more than $1,000,000.00.

As is not unusual in divorce actions, the proceedings below were prolonged and progressively acrimonious. The amount and variation of the real and personal property involved required extensive depositions, exhibits, and evidentiary hearings. Much of the time involved resulted from appellant's inability or unwillingness to submit candid disclosures concerning his financial condition. As a result, an equitable division of the marital assets was impossible for over two years. The trial commissioner, finding that appellee was effectively denied access to any of the marital assets during that period, awarded her temporary maintenance to provide for her needs, presumably until such time as a proper division and allocation of property might be made by the court. In addition, apparently in response to what the trial commissioner believed were obstructive tactics on appellant's part, appellee was awarded a $10,000.00 attorney fee. This was later increased to $20,000.00 by the trial court.

The trial court, after making exhaustive findings of fact and conclusions of law, performed a creditable job in allocating the marital and non-marital property to each party pursuant to statute. Among the property in question were 16,835 shares of stock in appellant's company, American Life and Accident Insurance Company, and 200 shares of stock in Hardscuffle, Inc., a horse farm incorporated as a closed corporation. Appellant filed a motion to alter or amend the judgment, alleging, *inter alia,* abuse of discretion in awarding maintenance and attorney's fees and errors of fact in the court's allocation and division of the American Life and Hardscuffle stock. The motion was denied, and this appeal followed.

We first consider appellant's contention that the trial court was clearly erroneous in its disposition of the American Life stock. The evidence in the record established that appellant owned 5,313 shares of American Life stock at the time of his marriage in 1941. Over the course of the marriage, the appellant received 30 shares inherited from his father, and he purchased an additional 11,492 shares. Of the 11,492 shares, 5,006 shares were allegedly paid for with part of the proceeds from the sale of "Springfield," which had been used as a family residence. The appellant contends that $12,000.00 in non-marital funds were traced into the purchase of Springfield, which had a total purchase price of $35,000.00. Springfield sold for $200,000.00, and $140,-

000.00 of the proceeds were used to purchase the 5,006 shares of stock. He therefore argues that at least part of those 5,006 shares should have been allocated to him as his non-marital property.

The evidence further established that 7,917.750 shares were transferred to the children and grandchildren of the parties as gifts during the marriage. In addition, 8,899 shares were transferred to a business associate in an arrangement whereby the associate would apparently vote the stock, but appellant would retain the rights to all dividends. This arrangement was revocable, and ownership of the stock did not transfer. Accordingly, the trial commissioner found that there were "at least 8,899" shares remaining at the date of dissolution.

The trial court, however, found that there were 11,492 marital shares of stock to be divided, apparently ignoring those shares which had been transferred as gifts. The trial court also refused to consider the 5,006 shares of stock allegedly purchased from the proceeds of Springfield as non-marital.

■ We hold that the trial court's findings as to the number of marital shares to be divided are clearly erroneous, and we reverse that portion of the judgment which disposed of the American Life stock. In doing so, we do not accept appellant's reasoning or arithmetic. Appellant's brief indicates that some 16,835 shares were owned by the parties during the marriage. Of these, the shares owned by appellant prior to the marriage, acquired by gift from his father, or traceable to his non-marital funds used to purchase Springfield are appellant's non-marital property. The remaining shares are marital property. Appellant argues that all his non-marital shares were retained while all gifts were made from marital shares. There is nothing in the record to support this construction of the transactions whereby shares were transferred to the parties' children

and grandchildren. Absent a compelling reason to the contrary, each transfer of shares as gifts should be considered to have been composed partly of marital and partly of non-marital property. Upon remand, a further determination must be made (1) of that portion of the proceeds from the sale of Springfield attributable to appellant's non-marital contribution;[1] (2) of the number of shares of American Life stock purchased with the proceeds of Springfield which are traceable to appellant's non-marital funds and which may be considered non-marital shares; (3) a proper proportion of non-marital *and* marital shares which were transferred by the parties as gifts; and (4) what proportion of the remaining shares are marital and non-marital. Once this determination has been made, the trial court may then (1) restore appellant's non-marital shares to him, and (2) equitably dispose of the marital shares based upon the property previously distributed, at the sole discretion of the trial court. KRS 403.190. We note, moreover, that any dividend income derived from shares owned or controlled by either party prior to dissolution is presumably marital property pursuant to KRS 403.190(3), since such income would not fall under the exceptions set out in KRS 403.190(2).

■ We turn next to the trial court's award of temporary maintenance to the appellee. An award of temporary maintenance must be made on the same basis as permanent maintenance. KRS 403.160(3). Permanent maintenance is appropriate only where the court finds that the spouse seeking it (1) lacks sufficient property to provide for his or her reasonable needs, and (2) is unable to support himself or herself through appropriate employment. KRS 403.200(1); *Mosley v. Mosley*, Ky.App., 682 S.W.2d 462, 463 (1985). If income from a spouse's non-marital property, combined with his or her proportion of marital property, would provide for his or her reasonable needs, then maintenance should not be

1. This may be accomplished by application of the formula set out in *Brandenburg v. Brandenburg,* Ky.App., 617 S.W.2d 871, 872 (1981).

awarded. *Owens v. Owens*, Ky.App., 672 S.W.2d 67, 69 (1984). As it is undisputed that appellee's income, including the period prior to disposition of the parties' marital property, was more than adequate to provide for her reasonable needs, an award of even temporary maintenance was inappropriate and should not have been made.

■ Appellant further contends that the trial court abused its discretion in awarding appellee a portion of her attorney fees. An allowance of attorney's fees is authorized by KRS 403.220 only when it is supported by an imbalance in the financial resources of the respective parties. *Sullivan v. Levin*, Ky., 555 S.W.2d 261, 263 (1977). *Accord, Bishir v. Bishir*, Ky., 698 S.W.2d 823, 826 (1985). Since the resources of the parties here were approximately equal, an award of attorney fees under the statute was an abuse of discretion under the circumstances.

However, the circuit court's award of attorney fees appears to have been motivated, at least in part, by appellant's obstruction of and refusal to cooperate with discovery. On remand, the circuit court should determine what portion of appellee's attorney fees were the result of such obstruction and make an appropriate award under CR 37.

■ We consider, finally, the appellant's contention that the trial court abused its discretion in allotting 100 shares of Hardscuffle, Inc. stock to the appellee. The evidence established that Hardscuffle was incorporated for tax purposes, with the stock distributed evenly between the parties in order to legitimize the operation as a corporation in the eyes of the tax authorities.

Although the appellant now argues that this was solely to deceive the authorities, and that appellee never had any business dealings with Hardscuffle, appellee's contributions to the operation were outlined in detail at the time of incorporation. As there was sufficient evidence to support the trial court's findings as to appellee's contribution, we decline to say that they are clearly erroneous, or that the court's division of the shares was inequitable under the circumstances. We therefore affirm that portion of the judgment. *See Quiggins v. Quiggins*, Ky.App., 637 S.W.2d 666, 669 (1982).

For the reasons stated previously, the judgment of the Oldham Circuit Court is reversed in part and affirmed in part, and this case is remanded for further proceedings consistent with this opinion.

McDONALD, J., concurs.

WILHOIT, J., concurs in part, dissents in part, and files a separate opinion.

WILHOIT, Judge, concurring in part and dissenting in part.

I concur in the majority opinion except as to its disposition of the questions of temporary maintenance and the attorney's fee assessed against the appellant. It seems to me that the findings made by the trial court support its award of temporary maintenance. *See Casper v. Casper*, Ky., 510 S.W.2d 253 (1974). Inasmuch as the appellee's attorney has not been made a party to the appeal, the question of his fee is not properly before us. *See Beaver v. Beaver*, Ky.App., 551 S.W.2d 23 (1977).