**Darren Byron MILLER, Appellant**

v.

**Diana Lynn McGINITY, Elizabeth Dodd Lococo, Dodd & Dodd Attorneys, PLLC, Appellees.**

**No. 2006–CA–000948–MR.**

Court of Appeals of Kentucky.

Aug. 31, 2007.

Christopher Harrell, Louisville, KY, for appellant.

Elizabeth Dodd Lococo, Louisville, KY, pro se.

Before MOORE and THOMPSON, Judges; GRAVES,[1] Senior Judge.

## OPINION

MOORE, Judge.

Darren Byron Miller appeals the Jefferson Family Court's order directing him to pay $8,500.00 of his ex-wife's attorney's fees and costs she incurred as a result of their divorce and property settlement proceedings. After a careful review of the record, we vacate the portion of the family court's order awarding attorney fees under KRS 403.220 and remand that part for further proceedings because the family court failed to properly consider the parties' financial resources before awarding attorney's fees. We reverse the part of

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

the family court's order awarding attorney's fees under CR 37 because that award constituted an improper sanction for Darren's failure to voluntarily appear in the initial divorce proceedings after he was not properly served in those proceedings. Finally, we affirm the remainder of the family court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Darren Miller and Diana Lynn McGinity were married for two years before they separated. Approximately nine months after separating, Diana filed a Petition for Dissolution of Marriage, but because she was uncertain as to Darren's location, a Warning Order Attorney was assigned for Darren. Darren was employed by the Air National Guard, resided in Utah and, unknown to Diana, was stationed in Iraq at the time Diana filed for divorce. The Warning Order Attorney assigned to Darren filed a report with the court, as required by CR 4.07. A different attorney, Robert Florio, was then appointed to represent Darren. Diana moved for a default judgment against Darren, and Mr. Florio represented Darren at the default judgment trial. The court issued findings of fact, conclusions of law, and a decree of divorce.

Darren, through Christopher Harrell, counsel he had retained, filed a motion to alter, amend, or vacate the court's order on the basis that Darren had not been properly served. Although Darren had not been properly served, he was aware that Diana had filed for divorce. The court granted Darren's motion, but the Decree of Dissolution that the court had previously entered was not vacated.

Because Darren's location was then known, Diana had the Secretary of State serve Darren. A trial was held and the family court entered its findings of fact, conclusions of law, and order assigning the non-marital property, dividing the marital assets and debts, and directing Darren to pay $8,500.00 of Diana's attorney's fees. The part of the order awarding attorney's fees to Diana was enforceable in the name of Diana's attorney, Elizabeth Dodd Lococo.

Darren moved to alter, amend, or vacate the portion of the court's order awarding attorney's fees, and the family court denied his motion. Darren now appeals from the family court's order directing him to pay $8,500.00 of Diana's attorney's fees. Darren contends that: (1) the family court failed to consider the financial resources of both parties, as required by KRS 403.220; (2) *Lampton v. Lampton,* 721 S.W.2d 736, 739 (Ky.App.1986) and CR 37 are inapplicable to a party's failure to voluntarily submit to a court's personal jurisdiction; and (3) if the family court had the authority to award attorney's fees, then *Sexton v. Sexton,* 125 S.W.3d 258 (Ky.2004), should be used to determine whether the amount of fees awarded was reasonable.

## II. STANDARD OF REVIEW

Decisions regarding whether and how to allocate court costs, as well as whether to award attorney's fees, are within the discretion of the trial court. *See Neidlinger v. Neidlinger,* 52 S.W.3d 513, 519 (Ky.2001). Therefore, we will not overturn the trial court's decision on such matters absent an abuse of discretion. *See id.*

## III. ANALYSIS

We first note that Darren appeals only from the portion of the family court's order awarding attorney's fees and costs. He does not challenge the remaining portions of the order involving, *inter alia,* the division of property, the assignment of marital debts, or the reimbursement of

expenses. Therefore, any challenge he may have to those findings is deemed waived. *See Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 815 (Ky.2004).

## A. CLAIM REGARDING THE FINANCIAL RESOURCES OF THE PARTIES

■ In the present case, the family court directed Darren to pay part of Diana's attorney's fees pursuant to KRS 403.220 and CR 37. Kentucky Revised Statute 403.220 provides that

> [t]he court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Darren contends that the family court failed to consider the financial resources of the parties before awarding attorney's fees to Diana. In making its findings of fact, the family court expressly stated that it "received no evidence from either party as to [Diana's] current employment status or present source of income." The court continued, noting that it "also received no evidence from either party as to [Darren's] current employment status or present source of income." In analyzing Diana's request for attorney's fees, the family court again mentioned that "[a]t trial neither party put into evidence any information as to the parties['] current financial resources." However, it noted that "during the trial the [c]ourt did hear [ ] substantial information as to the parties['] financial circumstances during the marriage," including evidence that the parties "spent a great deal of money on what would be classified as discretionary luxuries," and "these expenditures were financed by borrowing money rather [than] paying cash." Thus, the family court concluded that it could "glean from these facts that following their marriage neither part[y's] financial resources were good."

■ Although a trial court is not required to "make specific findings on the parties' financial resources[,]" the court is obligated to *"[c]onsider* the financial resources of the parties in ordering a party to pay a reasonable amount in attorney's fees." *Hollingsworth v. Hollingsworth,* 798 S.W.2d 145, 148 (Ky.App.1990) (internal quotation marks and citation omitted). In the present case, the family court expressly stated that no evidence was submitted concerning the parties' financial resources. Instead, the court gleaned from the evidence submitted concerning their financial positions during marriage that the parties' financial resources after their marriage were not good. However, at the time the court made this finding, the parties had been separated for over three years, and they had been divorced for approximately two years. Therefore, the financial situations of the parties during their marriage were too remote in time for the court to make such a finding. Consequently, the family court abused its discretion when it held that Darren should pay $8,500.00 of Diana's attorney's fees without first considering the parties' financial resources at the time that the court entered its order. *See id.*

■ Moreover, "[a]n allowance of attorney's fees is authorized by KRS 403.220 only when it is supported by an imbalance in the financial resources of the respective parties." *Lampton,* 721 S.W.2d at 739. Because there was no evidence submitted

regarding the financial resources that the parties had at the time that the court entered its order, the court was unable to determine whether there was an imbalance in their financial resources justifying an award of attorney's fees. Therefore, the family court abused its discretion in awarding attorney's fees under KRS 403.220 based on the facts before the court at the time it entered its order. *See id.* Accordingly, we vacate the family court's award of attorney's fees under KRS 403.220 and remand that portion of the case for further findings concerning the parties' financial resources.

## B. CLAIM REGARDING LAMPTON AND CR 37's APPLICABILITY TO THE FACTS OF THIS CASE

■ Darren next asserts that *Lampton* and CR 37 are inapplicable to a party's failure to voluntarily submit to personal jurisdiction, as he alleges occurred in this case. The family court ordered Darren to pay Diana's attorney's fees under both KRS 403.220 and CR 37. As previously discussed, the family court based the attorney's fees award on what it gleaned were the parties' financial resources. However, the court also reasoned that an award of attorney's fees was appropriate because there was "evidence that this litigation could have been resolved with less expenditures if the parties had handled the matter properly." The court noted that, although Darren had not been properly served with Diana's initial divorce petition, he had actual notice that the petition had been filed over two years earlier while he was stationed in Iraq. The same month that he gained actual knowledge of the pending divorce petition, Darren finished his tour of duty in Iraq and returned to the United States. However, he did not file a response to Diana's divorce petition "or notify the [c]ourt of his intention in this case until after the default was taken."

The family court found that Darren's actions amounted to "a conscious decision to ignore this matter," and that Darren had "demonstrated other acts of irresponsibility with regard to the parties['] financial matters." Specifically, the court stated that the "[e]vidence ... indicates that [Darren] disavowed any intention of resolving the parties' financial obligations with regard to [vacant lots owned by them] and ignored his promise to [Diana] to be responsible for expenses incurred in her name while he continued to reside in the marital residence after she moved out." Thus, the court ordered Darren to pay part of Diana's attorney's fees under both KRS 403.220 and CR 37.

As previously mentioned, the award of attorney's fees under KRS 403.220 was improper. However, the court also awarded such fees under CR 37, which is titled "Failure to Make Discovery; Sanctions." The various sub-parts of CR 37 permit a court to award attorney's fees as a sanction against a party who fails to conduct discovery or abide by discovery rules. Further, in *Lampton,* this Court implied that a circuit court's award of attorney's fees under CR 37 is appropriate if the award is motivated by the party's "obstruction of and refusal to cooperate with discovery." *Lampton,* 721 S.W.2d at 739.

However, in the present case, the reasons that the family court provided for awarding attorney's fees under CR 37 primarily concerned what the court found to be Darren's "irresponsibility with regard to the parties['] financial matters." Thus, to the extent that the court's order was based on Darren's financial irresponsibility, that has no plausible connection to discovery proceedings in this case and therefore, it is an inappropriate basis for granting attorney's fees under CR 37. *See generally id.;* CR 37.

 The court also based the attorney's fees award on Darren's "decision to ignore this matter," after he had actual notice of the initial divorce petition pending against him, despite the fact that he had not been properly served the petition. The court further noted that it had not "acquired personal jurisdiction over [Darren]" in the initial divorce proceedings because Darren had not been served properly.[2]

 In the Commonwealth, the fact that a defendant has knowledge that a lawsuit is pending against him is not sufficient to give the court personal jurisdiction over him in the absence of a voluntary appearance by him or service of process to him. *See R.F. Burton & Burton Tower Co. v. Dowell Division of Dow Chemical Co.*, 471 S.W.2d 708, 711 (Ky.1971). Furthermore, we are unaware of any requirement that a defendant voluntarily submit himself to the jurisdiction of the court when the defendant has not been properly served, even if the defendant has knowledge of the lawsuit pending against him. Therefore, we find it improper that the family court sanctioned Darren under CR 37 by ordering him to pay the attorney's fees simply because he failed to voluntarily appear in the initial divorce proceedings after Diana's attorney failed to properly serve him in those proceedings. Consequently, we reverse that portion of the family court's order awarding attorney's fees under CR 37.

## C. CLAIM CONCERNING THE REASONABLENESS OF ATTORNEY'S FEES

Finally, Darren alleges that, if the family court had the authority to award attorney's fees in this case, the reasonableness of the fees awarded should be analyzed under *Sexton*, 125 S.W.3d 258. However, because we conclude that, under the facts before the family court at the time it awarded attorney's fees in this matter, the court improperly awarded those fees, we need not reach the question of whether the amount of fees awarded was reasonable. Thus, this claim is moot.

Accordingly, the part of the Jefferson Family Court's order concerning the award of attorney's fees under KRS 403.220 is vacated and is remanded for further proceedings. Additionally, the part of the Jefferson Family Court's order regarding the award of attorney's fees under CR 37 is reversed. Finally, the remainder of the Jefferson Family Court's order is affirmed.

ALL CONCUR.

---

**2.** Pursuant to KRS 454.220, in order for a court to exercise personal jurisdiction over a nonresident in a matrimonial action or a proceeding involving distributive awards, the personal service requirements set forth in KRS 454.210(3) must be followed. Under KRS 454.210(3), for a court to exercise personal jurisdiction over a nonresident, the person, his agent, or the Secretary of State must receive service of process. If the Secretary of State is served, the Secretary must then mail copies of the summons and complaint by certified mail, return receipt requested, to the defendant at the address listed on the complaint. In the present case, Darren did not receive proper service of process in the initial divorce proceedings. Therefore, the family court had no personal jurisdiction over him and, pursuant to KRS 454.165, the personal judgment that the court initially entered against Darren was improper.