RENDERED:  AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001234-MR

HOWARD BURKE, JR.                                                      APPELLANT


APPEAL FROM GREENUP CIRCUIT COURT
v.          HONORABLE JEFFREY L. PRESTON, JUDGE
ACTION NO. 17-CI-00454


JUANITA MARIE BURKE                                                    APPELLEE


OPINION
REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE, GOODWINE AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Appellant, Howard Burke, Jr., and Appellee, Juanita Burke, were married in 1961.  Their marriage was dissolved pursuant to a decree of dissolution (Decree) entered by the Greenup Circuit Court, Family Court Division, on July 5, 2018.  The Decree provides, in part, that Appellee is entitled to one-half of the value of the Burkes' farm equipment.  Accordingly, the Decree ordered the

parties to have the equipment valued. If Appellant wanted to retain the equipment, then he would have to pay Appellee half of the equipment's value. Otherwise, the court ordered that the equipment be sold and that the parties equally divide the proceeds. Appellant was also ordered to pay Appellee spousal maintenance.

Appellee subsequently filed a motion requesting a hearing to resolve several issues concerning Appellant's failure to comply with the terms of the Decree. On December 6, 2018, the court ordered that the Greenup County Sheriff seize the farm equipment to be auctioned. The equipment was auctioned in April of 2019. A contempt hearing was held on May 28, 2019. At the hearing, the auctioneer testified that the gross proceeds of the auction were $15,795.00. The total net proceeds were $14,625.50, which included a deduction for the auctioneer's commission. It appears that these funds were in the possession of the Greenup County Circuit Clerk's office.

On June 7, 2019, the court issued an order that Appellant should receive one-half of the $14,625.50 sum, from which should be deducted the following: 1) $1,950.00, for maintenance owed; 2) the sheriff's fee/towing bill, the sum of which was not provided; and 3) a $600.00 attorney fee. This order will hereafter be referred to as the Deduction from Proceeds Order.

Appellant filed a motion to alter, amend, or vacate the Deduction from Proceeds Order, which the court summarily denied on June 17, 2019. On that

same day, the court issued a payment order for the sheriff/towing bill totaling $3,327.00. The court also denied Appellant's subsequent motion to set aside the court's order overruling Appellant's motion to alter, amend, or vacate.

Appellant now appeals to this Court as a matter of right. He does not contest the deduction of $1,950.00 for maintenance owed. He does dispute the imposition of the sheriff/towing fee and the attorney fee. Appellee has failed to file a brief.

## STANDARD OF REVIEW

Appellant's notice of appeal states that he is appealing from multiple orders: 1) the Deduction from Proceeds Order; 2) the June 17, 2019 payment order for the sheriff/towing bill; 3) the order denying Appellant's CR 59.05 motion to alter, amend, or vacate the Deduction from Proceeds Order; and 4) the order denying Appellant's motion to set aside the court's order denying Appellant's motion to alter, amend, or vacate. In *Ford v. Ford*, we addressed our review of CR 59.05 orders as follows:

> there is no appeal from the *denial* of a CR 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion. When a trial court *denies* a CR 59.05 motion, and a party erroneously designates that order in his or her notice of appeal, we utilize a substantial compliance analysis and consider the appeal properly taken from the final *judgment that was the subject of the CR 59.05 motion.*

578 S.W.3d 356, 366 (Ky. App. 2019) (emphasis in original) (citations and internal quotation marks omitted). Therefore, we decline to review the court's CR 59.05 order. It logically follows that we must also decline to review the order denying Appellant's motion to set aside the CR 59.05 denial order.

However, we will review the Deduction from Proceeds Order which is the underlying judgment at issue here.[1] Since this is a judgment imposing fees, including an attorney fee, we review for an abuse of discretion. *Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007). *See also Allison v. Allison*, 246 S.W.3d 898, 910 (Ky. App. 2008) (holding that the court did not abuse its discretion in awarding attorney fees and expert witness fees). An abuse of discretion can be found when the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). With this standard in mind, we turn to the applicable law and the facts of the present case.

## ANALYSIS

Appellant raises two main arguments on appeal. First, he contends that the award of attorney fees constitutes an abuse of the trial court's discretion.

---

[1] For purposes of the following analysis, we will treat the Deduction from Proceeds Order as incorporating the June 17, 2019 payment order for the sheriff/towing bill.

Second, he argues that the trial court erroneously divided the auction proceeds. More precisely, he argues that the auction proceeds were not divided equally and that the Deduction from Proceeds Order improperly modified the Decree and resulted in an unconstitutional deprivation of his property. For the following reasons, we disagree, but remand for additional findings.

As an initial matter, Appellant failed to explicitly request additional findings from the trial court pursuant to CR[2] 52. As the Court in *McKinney v. McKinney* succinctly observed:

> It is well-established that a final judgment shall not be set aside because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless the failure is brought to the attention of the trial court by a written motion pursuant to CR 52.02. CR 52.04.

257 S.W.3d 130, 134 (Ky. App. 2008) (citing *Jarrett v. Jarrett*, No. 2006-CA-001557-MR, 2007 WL 2460730 (Ky. App. Aug. 31, 2007).

However, Appellant's motion to alter, amend, or vacate can charitably be read to include an implicit request for additional findings. Appellant specifically argued that the trial court failed to consider the financial resources of the parties and that the court also omitted any discussion of how the sheriff/towing fee was calculated. Appellant's motion was also filed within ten days of the

---

[2] Kentucky Rules of Civil Procedure.

issuance of the Deduction from Proceeds Order, which is the time period required for requesting additional findings pursuant to CR 52.02. Therefore, we will consider Appellant's motion to alter, amend, or vacate as substantially complying with CR 52.02.

As previously stated, Appellant argues that by not dividing the auction proceeds equally the trial court modified the divorce decree and unconstitutionally deprived him of property. However, the Deduction from Proceeds Order did not modify the Decree. The former upholds the language contained in the Decree that Appellant is entitled to one half of the auction proceeds. Although the term "proceeds" is undefined, Appellant agrees that it includes a deduction for the auctioneer's commission. This results in total net proceeds of $14,625.50, one-half of which is to be paid to Appellant, totaling $7,312.75.

From that one-half portion, the Deduction from Proceeds Order mandates payment of other fees and arrearages, all of which were assessed for reasons which occurred *after* the Decree was entered, to achieve compliance with the Decree. It strains credulity that the trial court here could not order appropriate and reasonable fees to be deducted from Appellant's $7,312.75 auction proceeds, which is no different than any other asset from which such fees, fines, etc. may be obtained.

However, it is unclear from the record the authority for the court's award of the sheriff/towing fee and attorney fees. KRS[3] 403.220 specifically permits courts to award attorney fees and costs, but only "after considering the financial resources of both parties . . . ." *See also*, *e.g.*, *Smith v. McGill*, 556 S.W.3d 552, 555 (Ky. 2018). "Likewise, attorney's fees may be awarded in a contempt action, because [a party's] conduct undermined the authority of the court." *Bell v. Com., Cabinet for Health & Family Servs.*, *Dep't for Cmty. Based Servs.*, 423 S.W.3d 742, 749 (Ky. 2014) (citation omitted).

Although the court's written findings were not extensive, the record suggests the fees and costs were a sanction for Appellant's conduct. In its December 6, 2018 order requiring the sheriff to seize the farm equipment, the court noted that Appellant had been non-compliant. It is also undisputed that Appellant had failed to pay maintenance. The $600.00 attorney fee resulted from the need to file Appellee's motion to show cause as to why Appellant should not be held in contempt due in part to Appellant's failure to pay maintenance, lack of cooperation, and failure to allow the sheriff's department access to specific items of farm equipment. The court also clearly memorialized in its Deduction from Proceeds Order that "[t]his Court has issued numerous orders to try to get [Appellant] to comply with previous orders." Lastly, Appellant describes the

---

[3] Kentucky Revised Statutes.

Deduction from Proceeds Order as "seemingly finding [Appellant] in contempt . . . ." Therefore, the record is certainly not remiss of potentially sanctionable conduct, and both KRS 403.220 and the court's inherent contempt powers would allow for such sanctions. *See Rumpel v. Rumpel*, 438 S.W.3d 354, 363 (Ky. 2014) ("[T]he trial court enjoys a broad discretion under [KRS 403.220] to allocate costs and award fees . . . including 'wide latitude to sanction or discourage' 'conduct and tactics which waste the court's and attorneys' time.'"); *Crowder v. Rearden*, 296 S.W.3d 445, 450 (Ky. App. 2009) (citation omitted) ("Thus, courts have inherent power to impose a sanction for a civil contempt to enforce compliance with their lawful orders.").

However, neither the Deduction From Proceeds Order or any other attendant order formally found Appellant in contempt. The court also omitted specific findings on the issue of the attorney fee, including any indication that it considered the parties' financial disparity. Therefore, we do not know whether the fees at issue here were assessed pursuant to KRS 403.220, a finding of contempt, or both. If the former, then the court must consider the parties' financial resources. Although this does not require a written memorialization, it may be best practice to do so. And if the attorney fee and/or the sheriff/towing fee was the result of Appellant's contemptable behavior, then an order finding Appellant in contempt is

necessary for clarity of the record, and to satisfy basic due process and notice concerns. *See Jefferson v. Eggemeyer*, 516 S.W.3d 325, 343 (Ky. 2017).

Accordingly, we cannot determine if the trial court abused its discretion if we cannot discern how the court exercised its discretion. To clarify, we are not foreclosing the court's authority to issue the *type* of fees Appellant has challenged. Rather, we simply do not have enough information upon which to review the judgment in this case.

Lastly, Appellant gives short shrift to his argument that the Deduction from Proceeds Order was an unconstitutional deprivation of property. He has also failed to indicate that this issue was properly preserved before the trial court. Accordingly, we need not address this issue further.

## **CONCLUSION**

For the foregoing reasons, we hereby remand this case to the Greenup Circuit Court for further findings consistent with our decision.


ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE

Whitley Hill Bailey
Grayson, Kentucky

-9-