RENDERED: AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0558-MR

STEPHANIE ENSOR SMITH
(FORMERLY GRIFFIN)                                                      APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.        HONORABLE JOHN M. MCCARTY, SPECIAL JUDGE
ACTION NO. 07-CI-00520


ERIC PAUL GRIFFIN                                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Stephanie Smith, appeals the Daviess Circuit Court's

order denying her motion for attorney's fees from Appellee, Eric Griffin. Having

reviewed the record, we affirm.

Stephanie Smith filed for divorce from Eric Griffin on April 10, 2007.

The couple had three children, all minors at the time of the divorce, ages 9 to 13.

Under agreements made in the divorce proceedings, the parties retained joint

custody of their children. Smith was the primary custodian, while Griffin paid child support and 65% of the children's private school tuition. The divorce decree was entered in June 2009.

In March 2019, Smith filed a motion pursuant to KRS[1] 405.020(2) to require both parties to pay support of their middle child, aged 20 at the time. Smith alleged the child suffered from behavioral issues, rendering the child wholly dependent on his parents. These issues began at the age of seven and continued into adulthood when the child's doctor diagnosed him on the autism spectrum. At the hearing to rule on Smith's motion, she presented lay and expert testimony on the child's behavior and autism. She also presented financial records reporting the amount she paid in fees for the experts to attend trial. The circuit court determined the child was wholly dependent and required Griffin to pay appropriate monies to support the child with Smith.

After this order, Smith filed a motion requesting Griffin pay attorney's fees related to the trial. The circuit court denied Smith's motion for attorney's fees. This appeal follows.

Before reaching the merits, we address Griffin's failure to file an appellee's brief. When an appellee fails to file a brief, the appellate court may: "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse

---

[1] Kentucky Revised Statutes.

the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." CR[2] 76.12(8)(c). Upon review of the record, Smith's statement of the case appears consistent with the record. Nevertheless, we do not find it sustains reversal of the circuit court's action.

When reviewing a circuit court's awarding of attorney's fees, appellate courts review for abuse of discretion. *Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007). Absent abuse of discretion, appellate courts will not disturb a circuit court's decision regarding attorney's fees. *Id.* This is because "[d]ecisions regarding whether and how to allocate court costs, as well as whether to award attorney's fees, are within the discretion of the trial court." *Id.*; *Flag Drilling Co. v. Ergo, Inc.*, 156 S.W.3d 762, 766 (Ky. App. 2005); *Wilhoit v. Wilhoit*, 521 S.W.2d 512, 514 (Ky. 1975) ("[A]n allocation of court costs and an award of an attorney's fee are entirely within the discretion of the court.").

Pursuant to statute:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

---

[2] Kentucky Rules of Civil Procedure.

KRS 403.220. Smith originally moved the court pursuant to KRS 405.020(2) to gain support payments for the party's adult child. Pursuant to that statute:

> The father and mother shall have the joint custody, care, and support of their children who have reached the age of eighteen (18) and who are wholly dependent because of permanent physical or mental disability. If either of the parents dies, the survivor, if suited to the trust, shall have the custody, care, and support of such children.

KRS 405.020(2).

KRS 405.020(2) does not provide a right to attorney's fees regarding disputes over whether a child is wholly dependent. Instead, KRS 405.020(2) implicitly reflects what is frequently referred to as the American Rule. Under the American Rule, litigants pay their own fees, as opposed to the British Rule where the losing litigant must pay all attorney's fees for the lawsuit. *Flag Drilling*, 156 S.W.3d at 766. Thus, we turn our attention to whether the court abused its discretion in denying attorney's fees for Smith under KRS 403.220.

In *Weber v. Lambe*, Weber liquidated $35,000 in marital funds to pay for attorney's fees during contentious divorce proceedings, without permission from Lambe or the circuit court to do so. 513 S.W.3d 912, 919 (Ky. 2017). After all was said and done, the circuit court ordered Lambe to pay an additional $15,000 in attorney's fees. *Id.* Lambe argued this was an abuse of discretion in light of his former spouse's taking $35,000 without the authority to do so. *Id.* However, the

Kentucky Supreme Court disagreed, reasoning: "[The circuit] court is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct." *Id.* (quoting *Gentry v. Gentry*, 798 S.W.2d 928, 938 (Ky. 1990)).

Mindful of *Weber*'s focus on judicial discretion, we apply that rationale here. We see nothing in the record to disturb the circuit court's denial of Smith's motion. The circuit court was in the best position to hear both Smith's and Griffin's arguments, as well as experience firsthand the parties' circumstances. Noting this case originated for the benefit of the parties' child, the circuit court saw no benefit to the child by awarding attorney's fees. We are not in a better position to contravene that decision. If the Supreme Court refused to upset a circuit court order granting attorney's fees to a spouse who had already appropriated $35,000 in marital assets without the right to do so, we cannot say the circuit court abused its discretion here in denying attorney's fees.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Frank Stainback
Owensboro, Kentucky