RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0236-MR

BRITTANY ADAIR                                                    APPELLANT

v.
APPEAL FROM BULLITT FAMILY COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 20-CI-00592

BRANDON LEE ADAIR                                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Brittany Adair ("Brittany") appeals from the Bullitt Family

Court's findings of fact, conclusions of law, and decree of dissolution of her

marriage to Brandon Lee Adair ("Brandon"). She also appeals from the Bullitt

Family Court's order denying her motion to alter, amend, or vacate. Specifically,

Brittany takes issue with the family court's distribution of marital property and

how the family court calculated her monthly income in determining her award of

monthly spousal maintenance.  Moreover, Brittany argues that the family court abused its discretion by punishing Brittany for having physical and mental disabilities and through alleged personal biases and unprofessional conduct.

Finding no error, we affirm the family court.

## FACTUAL AND PROCEDURAL BACKGROUND

Brittany and Brandon married in July 2010 and separated in July 2020.  Brandon filed a petition for dissolution of marriage action on August 10, 2020.  While the couple had two minor children, Brittany is not appealing the family court's order regarding its decisions on custody or timesharing.

Brittany was a former schoolteacher but was unemployed and receiving disability benefits.  Her preliminary verified financial disclosure indicated that her only source of income was $1,300.00 from disability.  Brandon was employed as an engineer for the Army Corps of Engineers, with a monthly income of $7,343.00.

The family court held a trial on August 30, 2021, and entered its findings of fact, conclusions of law, and decree on October 14, 2021.  In its decision, the family court awarded Brittany $700.00 per month in maintenance payment from Brandon.  However, it stated that it would review the maintenance award if or when Brittany began to receive additional disability payments, returned to either part-time or full-time employment, or met other conditions enabling her to

meet her financial needs without Brandon's contribution. Additionally, the family court divided the parties' marital and non-marital property and assigned the marital debts. On October 22, 2021, Brittany filed a motion to alter, amend, or vacate, which the family court denied. This appeal followed.

We will address further facts as they become relevant to the Opinion.

## ANALYSIS

### 1. Division of Marital Property

Because the division of marital and non-marital property affects a court's analysis regarding maintenance, we will first examine Brittany's claims regarding the family court's division of marital property. *See Owens v. Owens*, 672 S.W.2d 67, 69 (Ky. App. 1984). When the division of property is at issue, the family court's classification of that property as marital or non-marital is a required threshold task. *Sexton v. Sexton*, 125 S.W.3d 258, 264-65 (Ky. 2004). Indeed, Kentucky Revised Statute ("KRS") 403.190(1) instructs the family court to first classify each item of property as marital or non-marital and then assign each spouse the non-marital property belonging to such spouse. *Snodgrass v. Snodgrass*, 297 S.W.3d 878, 887 (Ky. App. 2009).

All property acquired during the marriage is presumed to be marital property unless shown to fall under one of the exceptions in KRS 403.190(2). *Sexton*, 125 S.W.3d at 266. In dividing marital property, the family court must

consider several factors, including the "[v]alue of the property set apart to each spouse" and the "[e]conomic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children." KRS 403.190(1)(b) and (d). Further, KRS 403.190(1) requires a family court to divide the marital property in "'just proportions;' *it does not require that the division be equal*." *McGowan v. McGowan*, 663 S.W.2d 219, 223 (Ky. App. 1983) (emphasis added) (citing *Quiggins v. Quiggins*, 637 S.W.2d 666, 669 (Ky. App. 1982)).

An appellate court reviews the family court's distribution of marital property under an abuse of discretion standard. *Herron v. Herron*, 573 S.W.2d 342, 344 (Ky. 1978). An abuse of discretion concerns "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

In this case, the family court found that the parties owned a primary residence in Mount Washington, Kentucky, with an estimated value of $367,866.00. The mortgage balance as of October 2020 was $316,668.00. Further, the parties agreed that Brandon had a non-marital interest in the residence of $19,316.00. Thus, the equity balance less the non-marital claim equaled

$31,882.00. The family court awarded Brandon the sole ownership and possession of the marital residence.

In this case, we do not discern any clear error or abuse of discretion by the family court. The family court correctly restored Brandon's non-marital contribution of $19,316.00. However, the family court noted that while it was awarding the primary marital asset to Brandon, he was also required to take on all the marital debt, or approximately $67,789.00. Thus, in awarding the marital home to Brandon, the court was looking at the total picture, including that Brandon had sole custody of the children and would be taking on all the marital debt, including all mortgage payments and other liabilities for the primary residence.

Indeed, the court was properly considering the "[e]conomic circumstances of each spouse" as required under KRS 403.190(1)(d) and addressing the fact that Brandon had carried the financial obligation of maintaining the marital residence and providing for the parties' children. We again note that a family court has "wide discretion" in dividing marital property. *Johnson v. Johnson*, 564 S.W.2d 221, 222 (Ky. App. 1978). Brittany has failed to show an abuse of discretion in the court's division of marital property.

Brittany further argues that the family court erred in failing to divide the parties' retirement accounts. The family court found that Brandon had retirement accounts valued at $77,720.00 at the time of separation. Brittany had a

retirement account valued at $51,668.00 at the time of the separation. Additionally, a significant portion of the marital debt – $31,498.00 – represented loans from Brandon's retirement account. The family court declined to divide the retirement accounts and awarded each party their account.

However, we can again discern no error. The family court stated that it considered all the information each party provided in their respective verified financial disclosure statements and took an overall view of the parties' marital assets and marital debt. Because Brittany was not equally sharing the responsibilities of raising the children, Brandon had a less flexible schedule and fewer options for additional earnings. Additionally, much of the accumulated marital debt was assigned to him by the court. Thus, we see no clear error or abuse of discretion.

Additionally, Brittany argues that the family court's findings failed to address her allegation that Brandon had taken her engagement ring and sold it for $2,350.00 in January 2021. However, the family court did address the ring issue in its order regarding Brittany's motion to alter, amend, or vacate. In that order, the family court stated that Brittany's trial memorandum did not include this issue, and Brittany had presented no evidence at trial concerning the issue.

Here, the family court stated that Brittany first raised the ring issue at a hearing in April 2021. On May 7, 2021, the family court ordered Brittany to

produce a copy of the sales receipt to Brandon's counsel within fourteen (14) days. There is no evidence that she did so. While Brittany cites this Court to the record of a January 29, 2021, receipt from Genesis Diamonds for $2,350.00, she did not provide the receipt to the family court and Brandon until February 11, 2022. Thus, Brittany presented no evidence at the August 2021 trial concerning the engagement ring. Accordingly, we affirm the family court as to this issue.

In conclusion, Brittany has failed to show an abuse of discretion in the court's division of marital property.

## 2. **Maintenance**

Brittany next argues that the family court should have calculated the amount she was owed in maintenance using a $0 income for Brittany and contended that she did not receive $1,300.00 per month in disability payments.

The Kentucky Supreme Court has stated that "the award of maintenance comes within the sound discretion of the trial court . . . [.]" *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003) (citations omitted). Such discretion extends to the amount and duration of maintenance as well. *Weldon v. Weldon*, 957 S.W.2d 283, 285 (Ky. App. 1997) (citation omitted).

To reverse the family court, "a reviewing court must find either that the findings of fact are clearly erroneous or that the trial court has abused its discretion." *Perrine v. Christine*, 833 S.W.2d 825, 826 (Ky. 1992). A family

court's finding of fact "is not clearly erroneous if it is supported by substantial evidence." *Hunter v. Hunter*, 127 S.W.3d 656, 659 (Ky. App. 2003) (citations omitted). Substantial evidence "is evidence, when taken alone or in light of all the evidence, which has sufficient probative value to induce conviction in the mind of a reasonable person." *Id*. (citations omitted).

In this case, the family court based its maintenance decision on the information of record before the court. Indeed, in the only verified disclosure statement she submitted to the court; Brittany listed her gross monthly income as $1,300.00. Brittany argues that her final verified financial disclosure never stated an income of $1,300.00. However, Brittany provides no citations to the substantial record to indicate where her final verified disclosure statement is located. Nor does Brittany point to any other evidence that her income was $0 other than her counsel's statements that Brittany had informed the family court on numerous occasions that she had no income. Thus, the court correctly calculated the maintenance obligation based on the record it had at hand. We affirm.

### 3. **Other Matters**

Brittany next argues that the family court "openly punished [Brittany] for having physical and mental disabilities." However, she points to no specific family court ruling that inflicted "punishment" on Brittany other than that the family court held a pre-trial hearing in her absence in October 2020. Nor does

-8-

Brittany cite any legal authority upon which this Court can make an informed decision on her argument. Thus, we affirm.

Finally, Brittany argues that the family court abused its discretion "by allowing personal biases and wholly unprofessional conduct to interfere with the execution and outcome of this action." However, Brittany again fails to point to a specific action or ruling by the family court upon which to base her argument. Brittany did not file any motions to disqualify the family court or opposing counsel. Further, she again fails to cite to any legal authority to support her position. We affirm.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Bullitt Family Court's decision.

ACREE, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Phyllis K. Lonneman
Elizabethtown, Kentucky

BRIEF FOR APPELLEE:

J. Scott Wantland
Shepherdsville, Kentucky