RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1312-MR

RACHELLE WEIS                                                       APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DENISE D. BROWN, JUDGE
ACTION NO. 16-CI-501354

DAVID WEIS                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE:

## FACTUAL AND PROCEDURAL BACKGROUND

Rachelle and David Weis married on February 23, 2002, and David

filed a petition for dissolution on April 29, 2016. The parties shared two children –

M.W., born in 2003, and J.W., born in 2006. Rachelle and David entered an

executed Marital Settlement Agreement (the "Agreement") with the circuit court

on May 29, 2018. The circuit court entered a dissolution decree on June 4, 2018, which incorporated the terms of the Agreement.

In the Agreement, the parties agreed to share joint custody of their children, with Rachelle maintaining physical custody, care, and control subject to David's visitation rights. Due to his higher income, David agreed to pay Rachelle $2,175.00 per month as child support and to provide ninety percent of their extraordinary medical expenses and agreed-upon extracurricular activities. The parties also agreed that David would provide maintenance to Rachelle of $32,000.00 per year for three (3) years. Except for a motion to prohibit corporal punishment of the children and competing motions to hold each other in contempt, the matter sat inactive for approximately two (2) years.

On January 18, 2022, Rachelle filed a motion for temporary sole custody of the children because David had pointed a loaded gun at Rachelle's head in the presence of J.W. and shot at and hit the car's tire on the side where J.W. was sitting. After negotiations between counsel, the court entered an uncontested order of protection prohibiting David from having any contact with Rachelle and J.W.

In the same motion, Rachelle sought child support modification and sole control of the children's educational savings accounts. In addition to her requests concerning the custody, care, and support of their minor children, Rachelle requested that David pay one hundred percent of the reasonable

attorney's fees "incurred in this action, including but not limited to the domestic violence incident[.]"

While Rachelle's requests were pending, the Cabinet for Health and Family Services intervened and initiated a dependency, neglect, and abuse ("DNA") action against David under Kentucky Revised Statute ("KRS") Chapter 620. David stipulated to abuse in the DNA action.

After he stipulated to abusing J.W., David also consented to Rachelle's request for sole custody but not to her other requests concerning child support, exclusive control of the children's education funds, and an award of attorney's fees.

Rachelle filed another motion for attorneys' fees on June 21, 2022, requesting that David reimburse and advance Rachelle $20,000.00 for her attorney's fees, citing the disparity between the parties' incomes. On September 6, 2022, the circuit court entered an order declining to award Rachelle any of her attorney fees. Further, the circuit court denied Rachelle's motion to alter, amend, or vacate. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### a. Standard of Review

We review the circuit court's denial of Rachelle's request for attorney's fees for an abuse of discretion. *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004). "A [] court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law[.]" *Overstreet v. Overstreet*, 144 S.W.3d 834, 838 (Ky. App. 2003) (internal quotation marks and citation omitted). Otherwise, an abuse of discretion occurs when a decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton*, 125 S.W.3d at 272 (internal quotation marks and citations omitted).

### Discussion

Kentucky courts regularly apply the "American Rule" regarding attorney's fees, which requires parties to pay their own attorney's fees and does not allow for shifting the prevailing party's fees to the loser. *Bell v. Com., Cabinet for Health and Family Services, Dep't for Community Based Services*, 423 S.W.3d 742, 748 (Ky. 2014) (Attorney's fees in Kentucky are not awarded as costs to the prevailing party unless there is a statute permitting it or as a term of a contractual agreement between the parties.). Exceptions to the rule exist, however, and this case involves one of them, KRS 403.220.

KRS 403.220 states the following in applicable part:

-4-

The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

In *Sexton*, the Supreme Court of Kentucky discussed the statutory language of KRS 403.220.

Under this statute, a trial court may order one party to a divorce action to pay a "reasonable amount" for the attorney's fees of the other party, but only if there exists a disparity in the relative financial resources of the parties in favor of the payor. But even if a disparity exists, whether to make such an assignment and, if so, the amount to be assigned is within the discretion of the trial judge. There is nothing mandatory about it. Thus, a trial court's ruling on attorney fees is subject to review only for an abuse of discretion.

125 S.W.3d at 272 (internal quotation marks and citations omitted).

In *Smith v. McGill*, 556 S.W.3d 552, 554 (Ky. 2018), however, the Kentucky Supreme Court specifically removed financial disparity between the parties as a threshold requirement for an award of fees under KRS 403.220. Instead, "the trial court . . . must only consider the financial resources of the parties." *Smith*, 556 S.W.3d at 544. Nevertheless, financial disparity is still a viable factor for the circuit court to consider in applying the statute. *Id*. at 556.

While the standard for awarding fees under KRS 403.220 requires the court to consider the financial resources of both parties, there is no requirement for specific findings of fact. *Hollingsworth v. Hollingsworth*, 798 S.W.2d 145, 148 (Ky. App. 1990). As stated in *Hollingsworth*:

> It is a well-known concept that the trial court has great discretionary power in its determination to award or deny attorney fees. Although the court does not mention the financial resources of the appellee in its orders awarding the appellee attorney fees, there is no requirement that it do so. . . . The obligation of the trial court is to consider the financial resources of the parties in ordering a party to pay a reasonable amount in attorney's fees. The trial court need only "consider" the parties' financial situation. The record is replete with circumstances in which the trial court was made aware of each party's financial situation. Based on the record before this Court, it appears that the trial court's award of attorney fees was reasonable and will not be disturbed.

*Id*. at 147-48 (internal quotation marks and citations omitted).

Finally, we note that "the fee shifting authorized under KRS 403.220 **is not intended primarily to be punitive or sanctioning**. It is intended . . . to ensure that dissolution and child-custody proceedings are fair and not skewed in favor of the party in the financially superior position." *Rumpel v. Rumpel*, 438 S.W.3d 354, 364 (Ky. 2014) (emphasis added).

In this case, the circuit court followed KRS 402.220's directives and considered the parties' financial resources throughout the lengthy proceedings. We decline to impose the payment of Rachelle's attorney's fees on David to punish or

sanction him for his actions, as this was not the legislature's intent in enacting KRS 403.220. *Id.* Moreover, after the domestic violence incident, David did not dispute any of the allegations or require extensive hearings or motion practice. David did not contest the entry of the domestic violence order, he stipulated to findings of abuse in the DNA action, and he agreed to give Rachelle sole custody of the children and entered into an agreed order with regard to custody and other issues. Rachelle has failed to identify anything in the record that sufficiently indicates that the family court abused its discretion in denying her request for attorney's fees.

## CONCLUSION

Based on the foregoing, we affirm the Jefferson Circuit Court's orders denying Rachelle's request for attorney's fees and motion to alter, amend, or vacate.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laurel S. Doheny
Peter J. Catalano
Louisville, Kentucky

BRIEF FOR APPELLEE:

James K. Murphy
Louisville, Kentucky