RENDERED:  JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0340-MR

ADAIR FARMER                                             APPELLANT

v.                 APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BRYAN D. GATEWOOD, JUDGE
ACTION NOS. 09-CI-503760 AND 11-CI-503233

BRANDON FOGLE AND DENNIS
SIMS                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  Adair Farmer ("Appellant") appeals from an order of the Jefferson Circuit Court awarding attorney fees to Brandon Fogle ("Appellee").  Appellant argues that the circuit court abused its discretion by ordering attorney fees without adjudicating pending motions, and without considering the financial resources of both parties as required by Kentucky

Revised Statute ("KRS") 403.220. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On September 19, 2011, Appellee filed a petition for custody, visitation, and child support. On March 8, 2012, the parties entered an agreed order memorializing a mediated resolution of various issues including child support, parenting time, and allocation of federal and state tax deductions. Per the order, Appellee would utilize the dependent child deduction on even-numbered years, with Appellant using the deduction on odd-numbered years.

In early 2023, Appellant filed her 2022 federal and state income tax returns, and utilized the dependent child deduction in violation of the agreed order. On May 16, 2023, Appellee moved to hold Appellant in contempt for failing to comply with the 2012 agreed order. Appellant did not respond to this motion and the motion was granted by way of an order entered on May 23, 2023, Appellant was found in contempt for violating the agreed order and directed her to immediately file amended 2022 returns which did not utilize the child deduction. The following month, Appellant filed motions to alter, amend, or vacate the May 23, 2023, order and to modify support and parenting time. The same month the circuit court filed a mediation order, which held all pending motions in abeyance.

-2-

On November 27, 2023, Appellee filed a second motion to compel Appellant to file the amended tax returns because she had not filed amended returns as previously ordered on May 23, 2023. Appellant filed the amended returns on December 18, 2023 – approximately seven months after first being ordered to file the amendment.

On January 9, 2024, Appellee filed a motion seeking attorney fees arising from Appellant's failure to comply with the agreed order and the May 23, 2023, order directing her to file amended 2022 income tax returns. On February 21, 2024, the Jefferson Circuit Court entered an order directing Appellant to pay attorney fees in the amount of $2,430.00 to Appellee and his attorney, Hon. Dennis Sims ("Mr. Sims"). These fees represented nine hours of billable time incurred by Appellant's violation of the 2012 agreed order, and Appellee's subsequent motions to compel. In support of the order, the circuit court found that the award of attorney fees was appropriate under KRS 403.220, and rejected Appellant's argument that the court improperly failed to rule on other pending motions and that those issues should be resolved via mediation. This appeal followed.[1]

---

[1] In No. 09-CI-503760, Appellant's biological parents, Karen and Allen Farmer, who are not parties to the instant appeal, filed a petition in Jefferson Circuit Court seeking custody of Appellant and Appellee's child, or in the alternative to be awarded grandparent visitation. That matter was resolved by the entry of an agreed order entered on October 10, 2010, which granted grandparent visitation to Karen and Allen Farmer. A separate action, No. 11-CI-503233, was commenced on September 19, 2011, when Appellee filed a petition for custody, visitation and child support against Appellant in Jefferson Circuit Court. On October 29, 2014, the Jefferson Circuit Court entered an order consolidating the two actions, and directing that any subsequent

## STANDARD OF REVIEW

> [T]he amount of an award of attorney's fees is committed to the sound discretion of the trial court with good reason. That court is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct.

*Smith v. McGill*, 556 S.W.3d 552, 556 (Ky. 2018) (internal quotation marks and citation omitted). Accordingly, we review for an abuse of discretion. An abuse of discretion occurs if the court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." C*ommonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court committed reversible error in its February 21, 2024, order directing her to pay attorney fees in the amount of $2,430.00 to Appellee and his counsel, Mr. Sims. The focus of Appellant's argument is her contention that the circuit court improperly failed to rule upon pending motions and should have waited for mediation to be conducted prior to ordering attorney fees. Specifically, Appellant notes that the circuit court

---

pleadings shall be filed in the senior action, No. 09-CI-503760. Thereafter, some pleadings were styled with both Nos. 09-CI-503760 and 11-CI-503233, while others showed only No. 11-CI-503233. Though the matters remain consolidated by virtue of the October 29, 2014 order, Appellant's Notice of Appeal designates the instant appeals as deriving solely from No. 11-CI-503233.

did not rule upon her motion to alter, amend or vacate the May 23, 2023, order directing her to file amended tax returns, and did not wait for mediation before entering the award of attorney fees. That mediation was ordered to resolve all pending motions and remaining issues, including Appellant's motion to modify custody. Appellant asserts that the circuit court record is unclear and created "room . . . for genuine misunderstanding by the parties." The corpus of Appellant's argument appears to be that since the order of mediation held all pending matters in abeyance, she was no longer required to file amended income tax returns until mediation had been conducted. Appellant contends that prior counsel for both parties were unaware that certain orders had been filed, and that these orders did not appear on the Courtnet database. She also argues that the award of attorney fees improperly punished her, and that the court failed to consider the financial resources of the parties as required by KRS 403.220.

In response, Appellee states that the Jefferson Circuit Court improperly relied on KRS 403.220, because his motions to compel "neither implicated nor mentioned" the statute. He asserts that even though the wrong statute was employed, we may affirm the award of attorney fees because the correct result was reached.[2]

---

[2] Appellee also argues that we should strike Appellant's brief and dismiss her appeal based on her failure to comply with the Rules of Appellate Procedure in the filing of her appellate brief. When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore

It is uncontroverted that the parties entered into an agreed order under which Appellant could use the child deduction on her income taxes only in odd-numbered years. It is also not in dispute that Appellant violated the agreement by claiming the deduction on her 2022 tax returns.

As a result, Appellee incurred attorney fees when his counsel motioned the circuit court on May 16, 2023, to compel Appellant to file amended tax returns to comply with the agreed order. On May 23, 2023, the circuit court entered an order sustaining Appellee's motion and directing Appellant to file amended tax returns conforming to the agreed order. It is not disputed that Appellee did not file amended tax returns in compliance with the court's ruling.

During the months that followed, Appellant filed various motions but never complied with the circuit court's May 23, 2023, order. On November 27, 2023, Appellee filed a second motion to hold Appellant in contempt and directing her to file the amended tax returns. The motion was granted on December 4, 2023, and Appellant filed amended tax returns about two weeks later.

We find no error in the Jefferson Circuit Court's awarding attorney fees to Appellee prior to adjudicating other pending motions, and before

---

the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021). We choose to ignore the deficiency and proceed with the review.

conducting additional mediation.  The order on appeal resulted from Appellant's clear violation of the agreed order, and subsequent failure to comply with the circuit court's May 23, 2023, order directing her to file amended tax returns.  Appellant has not cited any order in the record staying the enforcement of the agreed order or May 23, 2023, order.

The Jefferson Circuit Court addressed Appellant's claim that additional mediation should occur prior to enforcement of the agreed order and May 23, 2023, order.  The court rejected this argument, noting that "the issue regarding the income tax returns stood separate and alone, i.e., same was not to be addressed at mediation."  The June 30, 2023, mediation order held all pending motions in abeyance.  The May 23, 2023, order directing Appellant to file amended tax returns consistent with the 2012 agreed order did stand separate from the later filed motions as to child support and parenting time.  We find no error on this issue.

Appellant goes on to argue that the Jefferson Circuit Court erred in failing to consider the financial resources of both parties prior to entering the award of attorney fees.  She also argues that the award was improperly punitive.  On this basis, she seeks an opinion reversing the order on appeal.

KRS 403.220 states:

The Court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

First, as previously mentioned, the trial court cited to KRS 403.220 in its attorney fees order; therefore, it is clear that the trial court considered the financial resources of the parties. A trial court is not required to make specific findings on the parties' financial resources when determining whether to award attorney fees. *Miller v. McGinty*, 234 S.W.3d 371, 374 (Ky. App. 2007). There is no requirement under KRS 403.220 that the court mention the financial resources of the parties. *Hollingsworth v. Hollingsworth*, 798 S.W.2d 145, 148 (Ky. App. 1990). Further, even if a disparity exists in the relative financial resources of the parties to a divorce action, the award of attorney fees is nonetheless discretionary. *Bootes v. Bootes*, 470 S.W.3d 351, 356 (Ky. App. 2015) (internal quotation marks and citation omitted).

Since the award of attorney fees is discretionary, the question is whether the Jefferson Circuit Court abused its discretion in awarding those fees to Appellee. We conclude that it did not. There is ample evidence in the record that Appellant violated the terms of the agreed order, and subsequently failed to comply

-8-

with the May 23, 2023, order directing her to file amended tax returns in conformity with the agreed order.  Reasonable attorney fees were incurred by Appellee to enforce the agreed order.  Substantial evidence exists in the record to support the award of attorney fees.  *English*, *supra*.  Further, the order on appeal was not improperly punitive.  It merely compensated Appellee for the attorney fees incurred as a result of Appellant's violation of the agreed order and failure to comply with the May 23, 2023, order.  Accordingly, we find no error.

## **CONCLUSION**

For the foregoing reasons, we affirm the February 21, 2024, order of the Jefferson Circuit Court awarding attorney fees to Appellee.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Matthew R. Lemme | Wm. Dennis Sims |
| New Albany, Indiana | Louisville, Kentucky |
| | |
| | J. Gregory Troutman |
| | Louisville, Kentucky |