RENDERED:  MARCH 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0997-MR

ELDER CONSTRUCTION &
ASSOCIATES, INC. AND DAVID S.
ELDER                                                                          APPELLANTS


APPEAL FROM SCOTT CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 10-CI-00703


GEORGETOWN-SCOTT COUNTY
AIRPORT BOARD; ELMER J.
GEORGE; AND QUALITY AUTO
GLASS, INC.                                                                     APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

ACREE, JUDGE:  Appellants, Elder Construction and David Elder, appeal the

Scott Circuit Court's findings of fact, conclusions of law, and order assigning joint

and several liability to Appellants resulting from Appellants' non-payment of

amounts owed to a subcontractor, Appellee Quality Auto Glass, Inc. (Quality), for

work Quality performed pursuant to Elder Construction's contract with Appellee Georgetown-Scott County Airport Board (Airport). We detect no error and affirm.

Elder Construction and Airport entered a contract for construction work to improve the airport. Thereafter, Elder Construction and Quality entered a subcontract whereby Quality would provide materials and labor for certain improvements to the airport's terminal building. Quality completed its work under the subcontract on March 4, 2010. Per the subcontract, Elder Construction owed Quality $81,478.00.

Elder Construction had not paid Quality, despite representations to Airport that all subcontractors had been paid. This included a sworn statement made to Airport by Elder Construction president David Elder that payment to all subcontractors had been completed. Quality filed a Statement of Lien with the Scott County Clerk. Quality served both Elder Construction and Airport with notice of the lien.

On July 22, 2010, Quality filed the lawsuit underlying this appeal against Elder Construction, David Elder, and Airport. Quality alleged, among other claims, breach of contract, wrongful payment, unjust enrichment, fraud, and violation of the Kentucky Fairness in Construction Act, KRS[1] 371.400 *et seq*.

_____

[1] Kentucky Revised Statutes.

Alongside its answer, Airport filed a crossclaim against Elder Construction and David Elder on the basis of the false statements made to Airport.

Protracted litigation ensued. Arbitration was ordered; an arbitration award for Quality was entered and confirmed, but later set aside. In 2017, Quality reached a settlement agreement with Airport in the amount of $140,000.

The parties agreed to a bench trial, which the circuit court conducted on October 25, 2021. Per a request by counsel for Airport, the bench trial was transcribed. Accompanying a notice of filing by Airport, the transcript was entered into the trial court record on November 18, 2021.

The circuit court entered its findings of fact, conclusions of law, and order on December 28, 2022. Therein, the circuit court pierced the corporate veil against Elder Construction and determined David Elder could be held personally liable. The circuit court entered judgment against Appellants for breach of their subcontract with Quality and their contract with Airport. For the amount unpaid under the subcontract, the circuit court awarded Quality $19,686.88 against Appellants; it calculated this amount by adding the subcontract price of $81,478.00 with $78,218.88 in interest – determined using the Kentucky Fairness in Construction Act's twelve percent per annum interest applied to the unpaid amount – and subtracting the $140,000 Quality-Airport settlement. Because Quality's settlement with Airport represented money Appellants failed to pay Quality, the

circuit court awarded $140,000 to Airport against Appellants with interest of twelve percent per annum.

The circuit court also determined Appellants had acted in bad faith as contemplated by the Fairness in Construction Act. It awarded Quality and Airport attorneys' fees pursuant to KRS 371.415. Based on "the fraudulent conduct of David Elder" – specifically, that he fraudulently executed affidavits so that Airport would release funds to Elder Construction despite Quality not yet having been paid – the circuit court awarded Quality $244,434.00 in punitive damages and awarded Airport $200,000.00 in punitive damages. The circuit court also awarded Airport $80,500.00 in liquidated damages, per the liquidated damages clause in the contract between Elder Construction and Airport. Because it had pierced the veil against David Elder, the circuit court determined he was jointly and severally liable for all attorneys' fees and damages awards.

Appellants filed a motion to alter, amend, or vacate pursuant to CR[2] 59.05. Therein, Appellants challenge the validity of the trial transcript filed on November 18, 2021 for the first time. They argued the circuit court improperly relied upon and cited a version of the trial transcript that was not the original. The circuit court denied the motion in an order entered June 19, 2023.

Appellants now appeal.

---

[2] Kentucky Rules of Civil Procedure.

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment[.]" CR 52.01. Findings of fact may only be set aside if clearly erroneous. *Id*. "Clear error only occurs when there is not substantial evidence in the record to support the trial court's findings." *Elsea v. Day*, 448 S.W.3d 259, 263 (Ky. App. 2014) (citing *M.P.S. v. Cabinet for Hum. Res.*, 979 S.W.2d 114, 116 (Ky. App. 1998)). Substantial evidence is commonly defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citing *O'Nan v. Ecklar Moore Express, Inc.*, 339 S.W.2d 466 (Ky. 1960)). As for conclusions of law, appellate courts review them *de novo*. *Hoskins v. Beatty*, 343 S.W.3d 639, 641 (Ky. App. 2011).

Appellants first argue we should reverse the circuit court because it relied upon the November 18, 2021 transcript which Airport had filed. Appellants describe this document as the "unofficial transcript" in their brief.

This argument fails because Appellants first raised it in their motion to alter, amend, or vacate the circuit court's December 28, 2022 order. "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment."

*Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (citing *Hopkins v. Ratliff*, 957 S.W.2d 300 (Ky. App. 1997)). After the November 18, 2021 notice of filing of the contested transcripts, Appellants waited over a year to argue against their validity and only did so after entry of the circuit court's December 28, 2022 order. The filing was available to all parties, and Appellants had ample time to review this filing and to contest it. Therefore, Appellants are estopped from challenging the circuit court's reliance on transcripts which Appellants purport to be deficient.

Next, Appellants argue the circuit court's punitive damages awards to Quality and Airport do not conform to statutory requirements. They argue that, because KRS 411.184 expressly states "[i]n no case shall punitive damages be awarded for breach of contract[,]" KRS 411.184(4), the circuit court erred in applying punitive damages while also concluding Appellants had breached their subcontract with Quality.

"As often noted, punitive damages exist to punish and discourage certain types of bad behavior." *Yung v. Grant Thornton, LLP*, 563 S.W.3d 22, 64 (Ky. 2018) (citing KRS 411.184 and *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759, 762 (Ky. 1974)). KRS 411.184(2) provides for punitive damages "if a plaintiff proves by clear and convincing evidence that a defendant acted with fraud, oppression, or malice." *Yung*, 563 S.W.3d at 65. Here, the circuit court explicitly noted the availability of punitive damages for a defendant's acts of fraud

-6-

notwithstanding KRS 411.184(4)'s prohibition against punitive damages for breaches of contract. As is obvious and contrary to Appellants' argument, the circuit court applied punitive damages as a result of fraudulent conduct independent of its conclusion that the subcontract had been breached.

Third, Appellants assert the circuit court did not support its damages awards with sufficient findings of fact and conclusions of law as CR 52.01 requires and that the circuit court record does not support the awards. We will discuss both the circuit court's award of punitive damages and liquidated damages.

As to the punitive damages award, the circuit court expressly found that David Elder submitted a false affidavit to Airport that Elder Construction had paid all outstanding debts underlying its contract with Airport. The circuit court found that David Elder acknowledged he signed the affidavit himself. Testimony of record, noted by the circuit court, confirms David Elder had billed Airport for the work Quality performed, despite knowing Quality had not yet been paid. In our view, substantial evidence supports the circuit court's conclusion that Appellants engaged in fraud; therefore, substantial evidence also supports its award of punitive damages.

The circuit court also made specific findings of fact and conclusions of law supporting its other damages awards. The circuit court awarded statutory damages to Quality for Appellants' failure to pay Quality under the subcontract.

The Kentucky Fairness in Construction Act requires contractors to pay subcontractors undisputed amounts due within fifteen business days of receipt of payment from the contracting entity. KRS 371.405(8). Should the contractor fail to do so, "the contractor shall pay interest to the subcontractor beginning on the sixteenth business day after receipt of payment by the contractor, computed at the rate of twelve percent (12%) per annum on the unpaid amount." KRS 371.405(9).

As the record and the circuit court's findings make clear, Appellants received payment from Airport for work Quality performed as a subcontractor and that Appellants still have not paid Quality for this work. The circuit court calculated the amount due under the subcontract to Quality upon application of the Fairness in Construction Act's twelve percent interest rate, less the amount Quality received after its settlement with Airport. We detect no errors of fact or law in the circuit court's conclusions in this regard.

Nor do we detect error in the circuit court's award of liquidated damages to Airport. A liquidated damages clause appeared in the contract between Elder Construction and Airport. The contract required substantial completion of the contract within 365 days. Construction began January 6, 2009, and was not substantially completed until June 16, 2010. Therefore, substantial completion was achieved 161 days late, as the circuit court found. This timeframe is supported by substantial evidence of record; a January 6, 2009 letter states that Elder

Construction was to immediately commence the project, and Elder Construction's June 1, 2010 application for a certificate of occupancy indicated Airport could occupy the premises on June 16, 2010. Here, too, we detect no reversible error by the circuit court.

Appellants argue the circuit court's attorneys' fee awards to Quality and Airport were in error because the circuit court made no finding as to the reasonableness of the fee awards. The Fairness in Construction Act authorizes attorneys' fees in certain circumstances. "In any action to enforce KRS 371.400 to 371.425, including arbitration, the court or arbitrator shall award costs and reasonable attorney's fees to the prevailing party if the losing party is deemed to have acted in bad faith." KRS 371.415. Though Appellants do not contest the bad faith requirement, the circuit court determined Appellants' actions, *i.e.*, collecting payment from Airport after falsely attesting it had paid Quality, constituted bad faith.

By analogy to statutorily-authorized attorneys' fee awards in divorce proceedings, KRS 403.220 empowers family courts with the discretion to award attorneys' fees to a party after "considering the financial resources of both parties[.]" KRS 403.220. A panel of this Court has determined that, though the statute includes consideration of the parties' financial resources as a requirement, "[n]owhere does it state a trial court must make specific findings on the parties'

financial resources." *Hollingsworth v. Hollingsworth*, 798 S.W.2d 145, 148 (Ky. App. 1990). Because the record in *Hollingsworth* was "replete with circumstances in which the trial court was made aware of each party's financial situation[,]" this Court determined that the trial court's award of attorneys' fees met the statutory requirements, appeared reasonable, and would not be disturbed. *Id*.

Nowhere does KRS 371.415 require a trial court to make specific findings as to the reasonableness of an attorneys' fee award. All that the statute requires as a prerequisite to an attorneys' fee award is that the trial court deem the losing party to have acted in bad faith and that the attorneys' fees be reasonable. *See* KRS 371.415. Appellants plainly acted in bad faith by falsely informing Airport that all subcontractors had been paid. As to reasonableness of the awards, the duration of the underlying lawsuit and invoices and affidavits supporting expenses incurred by Appellees' counsel demonstrate their reasonableness. Because attorneys' fee awards are reviewed for an abuse of discretion, *Miller v. McGinty*, 234 S.W.3d 371, 373 (Ky. App. 2007), and because an abuse of discretion is found only where a trial court's ruling is arbitrary, unreasonable, unfair, or unsupported by sound legal principles, *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999), we cannot say the circuit court in the instant case abused its discretion. Nothing about the circuit court's attorneys' fee awards

indicates the awards were arbitrary, unreasonable, unfair, or unsupported by legal principles.

Finally, Appellants contend the circuit court erred by piercing the corporate veil and assigning joint and several liability to David Elder. Appellants' argument is without merit.

While the law generally regards corporations to be legal entities distinct from their shareholders, "when the corporation is used to justify wrong, protect fraud or defend crime, the law regards the corporation as an association of persons." *Bear, Inc. v. Smith*, 303 S.W.3d 137, 147 (Ky. App. 2010) (citing *Dare To Be Great, Inc. v. Commonwealth, ex rel. Hancock*, 511 S.W.2d 224, 227 (Ky. 1974)). In the instant case, the circuit court relied upon the "instrumentality theory" for piercing the corporate veil; "[a] Kentucky trial court may proceed under the traditional alter ego formulation or the instrumentality theory because the tests are essentially interchangeable." *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 165 (Ky. 2012). Under the instrumentality theory, a plaintiff must establish three elements before the corporate veil may be pierced: "(1) that the corporation was a mere instrumentality of the shareholder; (2) that the shareholder exercised control over the corporation in such a way as to defraud or to harm the plaintiff; and (3) that a refusal to disregard the corporate entity would subject the plaintiff to unjust loss." *Bear, Inc.*, 303 S.W.3d at 148 (citing *White v.*

*Winchester Land Dev. Corp.*, 584 S.W.2d 56, 61 (Ky. App. 1979), *overruled on other grounds by Inter-Tel Techs., Inc.*, 360 S.W.3d 152)).

We cannot conclude the circuit court erred in piercing the corporate veil and assigning liability to David Elder. As the circuit court noted, David Elder was the president, sole shareholder, sole officer, and sole director of Elder Construction, and David Elder entered contracts on Elder Construction's behalf. Therefore, the first prong is satisfied. The previously discussed actions of David Elder in falsely representing to Airport in a notarized and sworn affidavit that Elder Construction had paid all amounts due to Quality – and Airport's payment to Elder Construction as a result – satisfy the second prong. Finally, the circuit court determined the third prong is satisfied because Elder Construction was dissolved after this lawsuit was filed, so assigning liability to Elder Construction only would result in undue loss to Quality. Therefore, upon review of the record, sufficient evidence exists to support the circuit court's piercing of the corporate veil.

Based on the foregoing, we affirm the judgment of the Scott Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Harry B. O'Donnell IV
Louisville, Kentucky

BRIEF FOR APPELLEE
GEORGETOWN-SCOTT COUNTY
AIRPORT BOARD:

Elmer J. George
Lebanon, Kentucky

BRIEF FOR APPELLEE QUALITY
AUTO GLASS, INC.:

S. Thomas Hamilton
Bardstown, Kentucky